UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DANNY R. MCCORMICK, Individually and for Others Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br>ALLIANCE OF PROFESSIONALS & CONSULTANTS, INC.<br><br>    Defendant. | Case No. 3:21-cv-308<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Alliance of Professionals & Consultants, Inc. (APC) failed to pay Danny R. McCormick (McCormick) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

2. Instead, APC paid McCormick, and other workers like him, the same hourly rate or straight time for all hours worked, including those in excess of 40 in a workweek.

3. APC's straight time for overtime pay plan violates the overtime requirements of the FLSA.

4. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. APC is headquartered in Raleigh, Wake County, North Carolina.

8. McCormick worked for APC in Charlotte, Mecklenburg County, North Carolina, which is in this District and Division.

9. McCormick lives in Mount Holly, Gaston County, North Carolina, which is in this District and Division.

## THE PARTIES

10. McCormick was an hourly employee of APC.

11. His written consent to be a party Plaintiff is attached as Exhibit A.

12. McCormick brings this action on behalf of himself and all other similarly situated workers who APC paid straight time for overtime.

13. McCormick worked for APC in Charlotte, North Carolina.

14. The Putative Class Members were subjected to the same FLSA violations as McCormick and is properly defined as:

> **All employees of APC who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single work week, (or, "straight time for overtime") at any point in the past 3 years.**

15. The Putative Class Members are easily ascertainable from APC's business and personnel records.

16. APC is a staffing firm that provides business and staffing solutions throughout the United States.

17. APC is headquartered in Raleigh, North Carolina.[1]

18. APC can be served with process by serving its registered agent W. Troy Roberts at 8200 Brownleigh Dr., Raleigh, NC 27617.

---

[1] *See* Alliance of Professionals & Consultants, Inc., *Contact Us*, https://www.apcinc.com/contact-us/ (last visited June 1, 2021).

2

## COVERAGE UNDER THE FLSA

19. At all relevant times, APC was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, APC was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all relevant times, APC was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

22. At all relevant times, APC had an annual gross volume of sales made in excess of $1,000,000.

23. At all relevant times, McCormick and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## THE FACTS

24. APC provides staffing services for dynamic companies and enterprises.[2]

25. McCormick worked for APC as a project manager from approximately December 2014 through January 2020.

26. Throughout his employment, APC paid McCormick the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek.

27. APC assigned McCormick to perform work for APC's clients, Duke Energy and Guidant.

28. McCormick reported the hours he worked to APC on a regular basis.

29. McCormick was not guaranteed a salary.

---

[2] *See generally*, Alliance of Professionals & Consultants, Inc., *Home Page*, https://www.apcinc.com/ (last visited June 1, 2021).

30. If McCormick worked fewer than 40 hours in a week, he would have been paid for the hours worked and reported.

31. McCormick regularly worked over 40 hours in a week.

32. In fact, McCormick routinely worked 50 to 60 hours per week.

33. For example, in the two-week pay period where his check was issued on August 3, 2018, McCormick worked 115.5 hours.

34. During one or both of those weeks, McCormick worked over 40 hours.

35. Instead of paying overtime, APC paid McCormick the same hourly rate for all 115.5 hours.

36. The hours McCormick and the Putative Class Members (defined below) work are reflected in APC's records.

37. Rather than receiving time and half as required by the FLSA, McCormick only received "straight time" pay for overtime hours worked.

38. APC's "straight time for overtime" payment scheme violates the FLSA.

39. APC was and is aware of the overtime requirements of the FLSA.

40. APC nonetheless failed to pay certain employees, such as McCormick, overtime.

41. APC's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS AND CAUSES OF ACTION

42. McCormick incorporates all previous paragraphs and alleges that the illegal pay practices APC imposed on McCormick were likewise imposed on the Putative Class Members.

43. By failing to pay McCormick and the Putative Class Members overtime at one-and-one-half times their regular rates, APC violated the FLSA's overtime provisions.

44. APC owes McCormick and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

45. In developing and implementing its straight time for overtime pay practice, ACP failed to act in good faith and knew or should have known the payment of straight time for overtime was an unlawful practice.

46. Because APC knew or showed reckless disregard for whether its pay practices violated the FLSA, APC owes these wages for at least the past three years.

47. APC's illegal "straight time for overtime" policy extends beyond McCormick.

48. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

49. Numerous other individuals, like McCormick, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

50. Based on his experiences and tenure with APC, McCormick is aware that APC's illegal practices were imposed on the Putative Class Members.

51. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

52. APC's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

53. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

54. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

55. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

56. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

57. The workers impacted by APC's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

58. McCormick demands a trial by jury.

## PRAYER

59. McCormick prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding APC liable for unpaid back wages due to McCormick and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this the 28th day of June, 2021.

        **STRIANESE HUCKERT LLP**

        By: */s/ Tamara L. Huckert*
            **Christopher Strianese,** NC Bar No. 46918
            **Tamara Huckert,** NC Bar No. 35348
            3501 Monroe Rd.
            Charlotte, NC 28205
            Tel: 704-966-2101
            chris@strilaw.com
            tamara@strilaw.com


            **Michael A. Josephson***
            TX Bar No. 24014780
            **Andrew W. Dunlap**
            TX Bar No. 24078444
            **Richard M. Schreiber**
            Texas Bar No. 24056278
            **Rochelle D. Prins**
            AZ Bar No. 031393
            **JOSEPHSON DUNLAP**
            11 Greenway Plaza, Suite 3050
            Houston, Texas 77046
            713-352-1100 – Telephone
            713-352-3300 – Facsimile
            mjosephson@mybackwages.com
            adunlap@mybackwages.com
            rprins@mybackwages.com
            *\*Pro Hac Vice Application Forthcoming*

            **Richard J. (Rex) Burch**
            Texas Bar No. 24001807
            **BRUCKNER BURCH PLLC**
            8 Greenway Plaza, Suite 1500
            Houston, Texas 77046
            713-877-8788 – Telephone
            713-877-8065 – Facsimile
            rburch@brucknerburch.com

            **ATTORNEYS FOR PLAINTIFF**
            **& PUTATIVE CLASS MEMBERS**